JUDGE RAKOFF

Steven Bennett Blau, Esq.
Shelly A. Leonard, Esq.
BLAU, BROWN & LEONARD, LLC
54 West 21st Street, Suite 1009
New York, New York 10010
Telephone: (212) 725-7272
Facsimile: (212) 488-4848
*Attorneys for Plaintiff and Class*



'08 CIV 4233

RECEIVED
MAY 05 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDY GRADY,
Individually and on Behalf of All Others
Similarly Situated, as Class
Representative,

    Plaintiff,

against

IDEA SPHERE, INC., BILL
NICHOLSON,
ROBERT CONOLOGUE and
TWINLAB CORPORATION,

    Defendants.

Civil Action No. _____

**COMPLAINT**
**JURY TRIAL REQUESTED**

---

### CLASS ACTION COMPLAINT

Plaintiff, LINDY GRADY, Individually and on behalf of all others similarly situated, as and for her Complaint, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, Individually and on behalf of all others similarly situated, brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") in

1

connection with Defendants' violation of their statutory obligations to pay overtime wages to all non-exempt employees for work in excess of 40 hours per week.

2. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA provisions governing overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiff and all similarly situated employees who elect to participate in this action are seeking unpaid overtime compensation, an equal amount of liquidated damages and/or prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

3. Plaintiff brings this collective action under the FLSA in her individual capacity and as a class representative on behalf of all other similarly situated individuals who are or have been employed by Defendants in the United States as Sales Account Executives, within the applicable statutory periods.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6. Plaintiff, LINDY GRADY, is a resident and citizen of Peru, Indiana.

7. Defendant, IDEA SPHERE, INC., ("ISI") is a corporation created and existing under the laws of Michigan.

8. ISI maintains corporate offices at 632 Broadway, New York, New York 10012.

9. Defendant, BILL NICHOLSON, is the Chief Executive Officer of ISI.

10. Defendant, ROBERT CONOLOGUE, is the Chief Financial Officer of ISI.

11. Defendant, TWINLAB CORPORATION, ("TWINLAB") is a corporation created and existing under the laws of Delaware.

12. TWINLAB maintains corporate offices at 632 Broadway, New York, New York 10012.

13. TWINLAB is a wholly owned subsidiary of ISI.

## COLLECTIVE CLASS ACTION ALLEGATIONS

14. Plaintiff sues on behalf of herself and those members of the above-defined class who have filed or will file with the Court, their consents to sue. This is an appropriate collective or representative action under Fair Labor Standards Act, 29 U.S.C. § 216 (b) because the Plaintiff and putative class are similarly situated in that they are all subject to Defendants' common plan of practice of designating their work as Sales Account Executives as exempt work, when in fact, it is non-exempt work under the law. Further, all members of the putative class have been subjected to Defendants' willful and intentional violation of their statutory obligation to pay overtime pay at a rate of 1.5 times regular hourly pay, to all non-exempt employees for work in excess of 40 hours per week.

15. The members of the class are so numerous that joinder of all members is impractical, if not impossible, and a class action is the only available method for the fair and efficient adjudication of this controversy, which on information and belief, involves approximately one hundred (100) individuals.

16. Plaintiff and the members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and

issues solely affecting individual members. As such, a class action is superior to other methods for the fair and efficient adjudication of the controversy.

17. Questions of fact and law common to the Class which predominate over any questions affecting only individual members, include:

    (a) Whether Defendants violated and continue to contravene the FLSA by failing to pay overtime wages to Plaintiff and all other similarly situated individuals who are or have been employed by Defendant in the United States as Sales Account Executives, within the applicable statutory periods.

    (b) Whether Defendants are liable to the collective FLSA Class.

    (c) Whether the Class can be made whole by payment of damages.

18. This litigation is properly brought as a collective Class Action because Plaintiff's claims are typical of the claims of the Class. Like all Class members, Plaintiff was injured by Defendants' common course of conduct in violation of the FLSA as alleged herein.

19. Since the damages suffered by the individual Class members, while not inconsequential, may be relatively small, should separate actions be brought or be required of each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants; would create the risk of inconsistent rulings,which might be dispositive of the interests of other Class Members who are not parties to the adjudication and/or may substantially impede their ability to adequately protect their interests.

20. Plaintiff is an adequate representative of the FLSA Class and is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

21. Plaintiff is committed to vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature. Plaintiff does not anticipate any management difficulties in this litigation.

## FACTUAL ALLEGATIONS

22. ISI is a leading global consumer health and wellness products organization with a portfolio of over 1500 products and worldwide brands including, but not limited to, Twinlab, Ultra Harvest, Nature's Herbs, and Metabolife.

23. ISI is an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

24. TWINLAB is a leading manufacturer and marketer of high quality, science based, nutritional supplements, including a complete line of vitamins, minerals, nutraceuticals, herbs and sports nutrition products.

25. TWINLAB is an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

26. At all relevant times, Defendants have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d). Defendants, either directly or indirectly hired Plaintiff and other employees; controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding her employment.

27. Upon information and belief, Defendants have not posted a notice explaining the overtime pay rights provided by FLSA in any area where Plaintiff is/was employed, in violation of 29 C.F.R. §516.4.

28. Plaintiff was employed by Defendants as Sales Account Executive from approximately April 2005 to March 20, 2008.

29. Plaintiff's duties and responsibilities as a Sales Account Executive were to develop, implement and execute annual customer business plans for assigned customers.

30. Plaintiff regularly worked over 40 hours per week. Plaintiff and all other similarly situated Sales Account Executives were not paid any overtime wages by Defendants, for hours worked during the week in excess of 40 hours.

31. Defendants intentionally and knowingly treated Plaintiff and all other Sales Account Executive employees similarly situated, as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

32. Plaintiff and all other similarly situated Sales Account Executive employees, did not qualify as exempt employees, as defined by the FLSA and applicable regulations.

33. Defendants intentionally and knowingly misclassified Plaintiff and all other similarly situated Sales Account Executives, as exempt from the overtime pay requirements of the FLSA, despite their regular performance of non-exempt duties.

34. Defendants knowingly and intentionally refused to pay Plaintiff and all other similarly situated Sales Account Executives, for hours they worked over forty (40) per week at a rate of one-and-one half times their regular rate of pay.

35. Defendants' failure to pay overtime compensation, as alleged herein, in violation of the FLSA, has been willful and intentional.

## CLAIM FOR RELIEF (FLSA)

36. Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "35" as if fully set forth herein.

37. Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying employees as "exempt" and/or simply failing and refusing to pay any overtime compensation or the improper amount of overtime wages to current and former employees, including Plaintiff and all others similarly situated who have been employed by Defendants as Sales Account Executives in each of the fifty (50) states of the United States.

38. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

39. By reason of these unlawful acts, Defendants have wrongfully and illegally deprived Plaintiff and all similarly situated current and former Sales Account Executives of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class she represents pray for declaratory and injunctive relief, judgment and damages as follows:

(a) A declaratory judgment that Defendants' practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq.;

(b) Injunctive relief in the form of an order directing Defendants to correct their violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq. going forward;

(c) Judgment for unpaid wages and overtime pay to which Plaintiff and other Class Members are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.

(d) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. § 516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiff and other Class Members were lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(e) An order directing Defendants to pay Plaintiff and Members of the Class, their reasonable attorney's fees and all costs connected with this action.

(f) Such other and further relief as in law and equity that this Court may deem just and proper.

Dated: New York, New York
　　　　May 1, 2008

Respectfully submitted,

_____
STEVEN BENNETT BLAU (SB4063)
BLAU, BROWN & LEONARD LLC
54 West 21st Street, Suite 1009
New York, NY 10010
(212) 725-7272
(212) 488-4848

*Attorneys for Plaintiff and the Class*